UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SAMANTHA GROME, | ) | No. 4:19-cv-03080 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **DEFENDANT USAA FEDERAL** |
| vs. | ) | **SAVINGS BANK'S ANSWER AND** |
| | ) | **AFFIRMATIVE DEFENSES TO** |
| USAA SAVINGS BANK, | ) | **PLAINTIFF'S COMPLAINT** |
| | ) | |
| Defendant. | ) | |

Defendant USAA Federal Savings Bank ("USAA FSB"), incorrectly identified as USAA Savings Bank, states as follows for its Answer to Plaintiff's Complaint (the "Complaint").

## INTRODUCTION

1. USAA FSB admits that Plaintiff's Complaint purports to allege violations of the Telephone Consumer Protection Act ("TCPA"), and USAA FSB denies liability under the TCPA. Paragraph 1 of the Complaint also alleges legal conclusions or characterizations, to which no response is required. To the extent a response is required, USAA FSB denies those allegations. USAA FSB denies all remaining allegations contained in Paragraph 1 of the Complaint.

2. Paragraph 2 of the Complaint alleges legal conclusions or characterizations, to which no response is required. To the extent a response is required, USAA FSB denies those allegations. USAA FSB denies all remaining allegations contained in Paragraph 2 of the Complaint.

## JURISDICTION AND VENUE

3. USAA FSB admits that the Court has jurisdiction over this action. With regard to the remaining allegations contained in Paragraph 3 of the Complaint, USAA FSB states that those allegations contain legal conclusions and characterizations, to which no response is required. To

the extent a response is required, USAA FSB denies those allegations. USAA FSB denies all remaining allegations contained in Paragraph 3 of the Complaint.

4. Upon information and belief, USAA FSB admits that Plaintiff resides within this judicial district. USAA FSB is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 4 of the Complaint, and therefore denies those allegations.

**PARTIES**

5. Upon information and belief, USAA FSB admits the allegations contained in Paragraph 5 of the Complaint.

6. USAA FSB admits that it does business in the State of Nebraska. USAA FSB denies the remaining allegations contained in Paragraph 6 of the Complaint.

7. USAA FSB denies the allegations contained in Paragraph 7 of the Complaint.

**FACTUAL ALLEGATIONS**

8. USAA FSB admits that, at certain times, USAA FSB attempted to contact Plaintiff by telephone regarding the debt owed to USAA FSB. USAA FSB denies the remaining allegations contained in Paragraph 8 of the Complaint.

9. USAA FSB admits that, at certain times, USAA FSB attempted to contact Plaintiff by telephone regarding the debt owed to USAA FSB. USAA FSB is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 9 of the Complaint, and therefore denies those allegations.

10. USAA FSB admits that, at certain times, USAA FSB attempted to contact Plaintiff by telephone regarding the debt owed to USAA FSB. USAA FSB is without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 10 of the Complaint, and therefore denies those allegations.

11. USAA FSB denies the allegations contained in Paragraph 11 of the Complaint.

12. USAA FSB denies the allegations contained in Paragraph 12 of the Complaint.

13. Upon information and belief, USAA FSB admits the allegations contained in Paragraph 13 of the Complaint.

14. USAA FSB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint, and therefore denies those allegations.

15. USAA FSB denies the allegations contained in Paragraph 15 of the Complaint.

16. USAA FSB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint, and therefore denies those allegations.

17. USAA FSB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint, and therefore denies those allegations.

18. USAA FSB denies the allegations contained in Paragraph 18 of the Complaint.

19. USAA FSB denies the allegations contained in Paragraph 19 of the Complaint.

20. USAA FSB denies the allegations contained in Paragraph 20 of the Complaint.

21. USAA FSB denies the allegations contained in Paragraph 21 of the Complaint.

22. USAA FSB denies the allegations contained in Paragraph 22 of the Complaint.

## FIRST CAUSE OF ACTION
## ALLEGED NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. §227(b)(3)(B)

23. USAA FSB incorporates all preceding admissions and denials as if fully rewritten herein.

24. USAA FSB denies the allegations contained in Paragraph 24 of the Complaint.

25. USAA FSB denies the allegations contained in Paragraph 25 of the Complaint.

26. USAA FSB denies the allegations contained in Paragraph 26 of the Complaint.

The "WHEREFORE" paragraphs following Paragraph 26 of the Complaint sets forth legal conclusions and Plaintiff's prayer for relief, to which no response is required. To the extent a response is required, USAA FSB denies the allegations contained in Plaintiff's "WHEREFORE" clause and denies that Plaintiff is entitled to the requested relief (or any other relief).

## SECOND CAUSE OF ACTION
## ALLEGED KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. §227(b)(3)(C)

27. USAA FSB incorporates all preceding admissions and denials as if fully rewritten herein.

28. USAA FSB denies the allegations contained in Paragraph 28 of the Complaint.

29. USAA FSB denies the allegations contained in Paragraph 29 of the Complaint.

30. USAA FSB denies the allegations contained in Paragraph 30 of the Complaint.

The "WHEREFORE" paragraphs following Paragraph 30 of the Complaint sets forth legal conclusions and Plaintiff's prayer for relief, to which no response is required. To the extent a response is required, USAA FSB denies the allegations contained in Plaintiff's "WHEREFORE" clause and denies that Plaintiff is entitled to the requested relief (or any other relief).

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
*Prior Express Consent*

Plaintiff's claims are barred to the extent that prior express consent, invitation, or permission was given for USAA FSB to take any acts alleged in the Complaint, including but not limited to Plaintiff having voluntarily provided her telephone number to USAA FSB.

### SECOND AFFIRMATIVE DEFENSE
*Setoff*

USAA FSB is entitled to setoff Plaintiff's damages, if any, in connection with Plaintiff's credit card account with USAA FSB. Pursuant to the USAA Credit Card Agreement between the parties, under which USAA FSB has fully performed and Plaintiff has not, USAA FSB is entitled to setoff in the amount of $6,769.82 including interest and attorney's fees as provided for by the USAA Credit Card Agreement and other applicable law.

WHEREFORE, having fully answered Plaintiff's Complaint, USAA FSB respectfully requests that the Court:

1. Deny that Plaintiff is entitled to any relief whatsoever;
2. Dismiss the Complaint with prejudice and enter judgment in favor of USAA FSB;
3. Award USAA FSB its attorneys' fees and costs incurred in defending this action; and
4. Award USAA FSB such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

USAA FSB demands a trial by jury on all claims and issues so triable on Plaintiff's Complaint.

4829-2627-1395.1

                                        Respectfully submitted,

Dated this 29th day of August, 2019.

                                        USAA SAVINGS BANK, Defendant

                                        By  *s/ Anna S. Forman*
                                                Anna S. Forman, #25756
                                                KUTAK ROCK LLP
                                                The Omaha Building
                                                1650 Farnam Street
                                                Omaha, NE  68102
                                                Telephone:  (402) 346-6000
                                                Facsimile:  (402) 346-1148
                                                Anna.Forman@KutakRock.com

                                                -AND-

                                                David M. Krueger (*Pro Hac Vice forthcoming*)
                                                Anthony C. Sallah (*Pro Hac Vice forthcoming*)
                                                BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP
                                                200 Public Square, Suite 2300
                                                Cleveland, Ohio 44114-2378
                                                Telephone:  216.363.4500
                                                Facsimile:  216.363.4588
                                                dkrueger@beneschlaw.com
                                                asallah@beneschlaw.com

                                        *Attorneys for Defendant USAA Federal Savings Bank*

4829-2627-1395.1