IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SAMANTHA GROME,<br><br>                Plaintiff,<br><br>vs.<br><br>USAA SAVINGS BANK,<br><br>                Defendant. | **Case No. 4:19-cv-03080-JMG-SMB**<br><br><br>**RULE 26(f) REPORT** |

The following attorneys conferred to prepare the Report of Parties' Planning Conference for the above-captioned case:

**Carlos C. Alsina-Batista for Plaintiff, Samantha Grome**

**Anthony Sallah for Defendant, USAA Savings Bank**

The parties discussed the case and jointly make the following report:

**I.**     **INITIAL MATTERS:**

    A.     <u>Jurisdiction and Venue</u>: As to the defendant(s)(mark all boxes that may apply).

            ☐     Jurisdiction is contested because _____.

            ☐     Venue is contested because _____.

            ☒     Neither jurisdiction nor venue are contested.

    B.     <u>Immunity</u>: As to the defendant(s) (mark all boxes that may apply).

            ☐     An immunity defense has been raised by a defendant.

            ☐     An immunity defense will be raised, such defense to be raised on or before _____ .

            ☒     No immunity defense has or will be raised in this case.

    C.     Either jurisdiction or venue is being challenged, or a defense of immunity has or will be raised, and:

&boxtimes; Not applicable.

☐ The parties agree that discovery and case progression can begin before the jurisdiction, venue, and/or immunity issues are decided.

☐ Any or all parties believe that case progression and discovery should be stayed pending a ruling on those issues, and

☐ before any motion(s) to resolve jurisdiction, venue, and/or immunity issues can be filed, initial discovery limited to those issues will be necessary, and such discovery can be completed by: ____.
Explain: _____.

☐ a dispute exists as to whether and to what extent discovery is needed to resolve jurisdiction, venue, and/or immunity issues. A conference with the court is requested.

☐ motion(s) to resolve jurisdiction, venue, and/or immunity issues can be filed on or before ____.

## II. CLAIMS AND DEFENSES:

A. <u>Plaintiffs Description of Claims</u>:[1]

<u>First Cause of Action: Negligent Violations of the Telephone Consumer Protection Act 47 U.S.C. § 227</u>

Plaintiff has evidence of least 193 negligently made calls to Plaintiff's cellular phone using an "Automated Telephone Dialing System" ("ATDS"), as defined by the Telephone Consumer Protection Act, without Plaintiff's consent to be called.

**Elements:**

(1) Consent:

Since the Plaintiff has alleged that Defendant had no consent to call her using an autodialer, as defined by the TCPA, the burden shifts to Defendant to prove such prior

---

[1] The category "Claims" includes any claims raised by any party, including not only those raised by the party(s) who filed the lawsuit, but any crossclaims, counterclaims, or third-party claims raised in the operative pleadings.

2

express consent. Express consent is an affirmative defense on which the Respondent bears the burden of proof. See Blow v. Bijora, Inc., 855 F.3d 793, 803 (7th Cir. 2017); Van Patten v. Vertical Fitness Group, LLC, 847 F.3d 1037, 1044 (9th Cir. 2017); see also, A.D. v. Credit One Bank, N.A., 885 F.3d 1054, 1065 (7th Cir. 2018)("Consent is an affirmative defense under the TCPA, an affirmative defense that Credit One must establish…. It is not part of A.D.'s case. A.D. does not have to prove that she did not consent to the calls in order to succeed on her TCPA claims.") Only if such initial consent were established by Defendant, Plaintiff would have to establish revocation of such consent by any reasonable means. In this case, the evidence will show that the credit card contract applicable between the parties entailed no consent to receiving either autodialed calls, or prerecorded messages. Even if initial consent were proven by Defendant, the evidence will show that such consent would be deemed revoked by Plaintiff through appropriate means on July 31, 2018 and that, thereafter, she was called by USAA Savings Bank with an ATDS on no less than 193 occasions.

2) ATDS:

The second element requires Plaintiff to prove that the telephone dialing system used met the statute's definition of "Automated Telephone Dialing System." If these elements are established, then the statute imposes liability of a minimum of $500.00 per unconsented call.

Second Cause of Action: Knowing and Willful Violations of the Telephone Consumer Protection Act

That the aforementioned 193 calls to Plaintiff's cellular phone using an ATDS lacking Plaintiff's consent were done knowingly and willfully. If established, liability can range from the minimum of $500.00 up to $1,500.00 per call.

**Elements:** The two elements of lack of consent and use of an ATDS to call Plaintiff's cellular phone discussed above; plus the third element of Defendant making the calls willfully, that is, knowing that it lacked Plaintiff's consent to call her cellular phone with an ATDS.

3

B.   Defendant's Statement of Defenses:[2]

Defendant intends to present evidence that did not make any calls to Plaintiff using an ATDS; that it obtained Plaintiff's express consent to dial her cellular phone number in any manner, including without limitation via ATDS; that Plaintiff never revoked consent and, even if she did, her purported revocation was ineffective; that any violations of the TCPA were not committed willfully and knowingly; and that Plaintiff is not entitled to any injunctive relief. Finally, Defendant intends to assert the affirmative defenses pleaded in its Answer, at ECF No. 8, p. 5.

**III.   METHOD OF RESOLUTION**: Please indicate below how the parties anticipate that this case will be resolved.

☐   Administrative record review:

   ☐   A party will request discovery.

   ☐   A party will not request discovery.
   **Note:** If no party is requesting discovery, the parties need not complete the **Section VI: Case Progression** portion of this report. Instead, contact the assigned magistrate judge to schedule a conference for entering an administrative review scheduling order.

   ☐   A dispute exists as to whether and to what extent discovery is needed. The parties need not complete the **Section VI: Case Progression** portion of this report at this time. Instead, contact the assigned magistrate judge to set a case progression conference.

☐   Cross-motions for summary judgment and/or resolution on stipulated facts:

   ☐   A party will request discovery.

   ☐   A party will not request discovery. The parties' cross-motions for summary judgment will be filed on or before       .

---

[2] The category "Defenses" includes any defenses raised in any pleading filed in response to the operative complaint, any crossclaims, counterclaims, or third-party claims.

        **Note:** If no party is requesting discovery, the parties need not complete the **Section VI: Case Progression** portion of this report.

☐     A dispute exists as to whether and to what extent discovery is needed. The parties need not complete the **Section VI: Case Progression** portion of this report at this time. Instead, contact the assigned magistrate judge to set a case progression conference.

☒     Trial**:**

    ☐     No party has timely demanded a jury trial.

    ☒     A party has timely demanded a jury trial and does not anticipate waiving that demand, and the parties agree that all or part of the claims in this case must be tried to a jury.

    ☐     A party has demanded a jury trial, and the parties disagree on whether trial by jury is available for all or part of this case.
A motion to strike the jury demand will be filed no later than:    .

    ☐     The party who previously demanded a jury trial now wishes to waive that right. Any other party who will now demand a jury trial will file that demand within 14 days of the filing of this report, in the absence of which jury trial will be deemed to have been waived.

While the parties anticipate the case will be resolved by trial, the parties reserve their right to file any dispositive motions.

**IV.**    **SETTLEMENT:**

Counsel state (mark all boxes that may apply):

☐     To date, there have been no efforts taken to resolve this dispute.

☒     Efforts have been taken to resolve this dispute

    ☐     prior to filing this lawsuit. Explain: _____.

    ☒     after filing this lawsuit, but before the filing of this report.
Explain: **The parties have actively discussed settlement, but have not reached an agreement.**

☐     Counsel have discussed the court's Mediation Plan and its possible application in this case with their clients and opposing counsel, and:

5

☐ It is agreed:

    ☐ Mediation is appropriate at this time, and pending the outcome of those efforts,

        ☐ case progression should be stayed.

        ☐ case progression should not be stayed.

    ☒ Mediation may be appropriate in the future. Please explain when you believe mediation may be useful: at the close of discovery on July 11, 2019.

    ☐ Mediation will not be appropriate. Explain: _____.

    ☐ Counsel believe that with further efforts in the future, the case can be settled, and they will be prepared to discuss settlement, by July 11, 2019.

☐ At least one party is not interested in exploring options for settling this case.

**V.    CONSENT TO FINAL RESOLUTION BY A MAGISTRATE JUDGE**:

As explained more fully in the Civil Case Management Practices, in accordance with the provisions of 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, the parties in this case may voluntarily consent to have a United States Magistrate Judge conduct all further proceedings in the case, including the trial, and order the entry of final judgment. The consent must be unanimous, and any appeal must be taken to the United States Court of Appeals. If the parties do not presently consent, they may do so later. Absent consent, the case will remain with the assigned United States District Judge or, if not previously assigned to a District Judge, it will be randomly assigned to a District Judge.

☐ All parties hereby voluntarily consent to have the United States Magistrate Judge conduct all further proceedings in this case including the trial and entry of final judgment.

☒ At least one party does not currently consent.

**VI.    CASE PROGRESSION:**

A. Initial mandatory disclosures required by Rule 26(a)(1).

    ☐ Have been completed.

6

   ☒ Will be completed by October 3, 2019.

B. Motions to amend the pleadings or to add parties.

  ☒ A plaintiff does anticipate a need to amend pleadings or add parties. Motions to amend pleadings or add parties will be filed by Plaintiff(s) on or before **November 29, 2019.**

  ☐ A defendant anticipate a need to amend pleadings or add parties. Motions to amend pleadings or add parties will be filed by Defendant(s) on or before .

If more than 90 days are needed, explain why: _____.

C. Discovery.

 1) As to written discovery under Rules 33, 34, and 36:

  a. The parties have discussed currently anticipated number of interrogatories, document production requests, and requests for admissions. Based on those discussions:

   ☒ The parties do not anticipate any disputes over the number of discovery requests served.

   ☐ The parties believe a dispute may arise over the number of (mark all boxes that may apply):

    ☐ Interrogatories.
    ☐ Requests for Production.
    ☐ Requests for Admission.

If the parties anticipate a possible dispute over the number of written discovery requests, when completing **Section VII** below, indicate when a conference with the court may be useful to avert or resolve that dispute.

  b. Written discovery will be completed[3] by **April 10, 2020.**

---

[3] "Completed" means the discovery answers or responses to written discovery have been served. As such, written discovery must be served sufficiently in advance of the discovery completion deadline to afford the responding party the time permitted under the discovery rules to answer or respond.

2) As to expert disclosures as required under Rule 26(a)(2):

☐ The parties do not anticipate calling experts to testify at trial.

☒ The parties anticipate calling experts to testify at trial, and

    a. Counsel agree to at least **identify** such experts, by name, address, and profession (i.e., without the full reports required by Rule 26(a)(2)): Plaintiff's identification by **December 13, 2019**; Defendant's identification by **January 13, 2020**.[4]

    b. Expert **reports** shall be served by: Plaintiff's Expert's Initial Report **January 24, 2020**.[5] Defendant's Expert's Report to be served by **February 24, 2020** and Plaintiff's Rebuttal Expert Report, if deemed necessary, by **March 9, 2020**.

    c. Motions to exclude expert testimony on *Daubert* and related grounds will be filed by **May 8, 2020.**

3) As to deposition discovery under Rules 30 and 45:

    a. The maximum number of depositions that may be taken by the plaintiffs as a group and the defendants as a group is 3 each party.

    b. All depositions

        ☒ will be limited by Rule 30(d)(1).

        ☐ will be limited by Rule 30(d)(1), except as follows: _____.

    c. All depositions, regardless of whether they are intended to be used at trial, will be completed by **April 10, 2020**.

4) Protective Order:

---

[4] **Note**: The parties may choose to eliminate this expert identification step and propose only an expert disclosure deadline. The parties may agree on separate dates for the plaintiff(s) and the defendant(s).

[5] **Note**: The parties may agree on separate dates for the plaintiff(s) and the defendant(s), and they may include rebuttal expert deadlines.

8

☒ All parties anticipate that a protective order will be needed to complete the exchange of discovery, and

☐ the parties hereby move the court to enter the court's standard protective order (see, Civil Case Management website page,

☐ with the court's standard Attorneys' Eyes Only provisions.

☐ with the court's standard HIPAA language permitting release of Protected Health Information.

☐ the parties hereby move the court to enter the proposed protective order attached to this report.

☒ the parties will jointly move, or a party will move for entry of a protective order, emailing a copy of the proposed protective order in Word format to the chambers of the magistrate judge assigned to the case.[6]

☐ At least one party believes a protective order will not be necessary in this case.

5) Work Product and Privileged Information: The parties have reviewed the **Civil Case Management Practices**, including those provisions discussing discovery of **Privileged Information**, and they have discussed whether certain categories of documents, are presumptively privileged.

☒ The parties agree that the following categories of documents are presumptively privileged and need not be listed on a privilege log:

☒ Documents between legal counsel and clients created on or after **August 6, 2019**

---

[6] If a dispute exists over the need for a protective order, or the content of that order, the parties shall confer in good faith and if they cannot resolve the issue without court intervention, they shall schedule a conference call with the magistrate judge assigned to the case before engaging in written motion practice.

9

    ☐  Documents maintained by consulting or testifying experts created on or after ____ .

    ☐  The following documents: _____.

 ☐ Counsel have discussed the discovery of privileged information, but they have not agreed on what documents are presumptively privileged.

  If the parties anticipate a possible dispute over Work Product and Privileged Information discovery, when completing **Section VII** below, indicate when a conference with the court may be useful to avert or resolve that dispute.

6) Electronically Stored Information (ESI): The parties have reviewed the Civil Case Management Practices, including those provisions discussing discovery of ESI and,

 ☒ the parties do not anticipate a dispute over preservation, scope, and production of ESI.

 ☐ the parties anticipate a dispute regarding the preservation, scope, and production of ESI.

  If the parties anticipate a possible dispute over ESI, when completing **Section VII** below, indicate when a conference with the court may be useful to avert or resolve that dispute.

7) Other special discovery provisions agreed to by the parties include: _____.

D. Dispositive Motions.

 ☐ The parties do not anticipate filing motions to dismiss, for judgment on the pleadings, or for summary judgment as to any claims and/or defenses.

 ☒ A party anticipates filing a motion to dismiss, and/or for judgment on the pleadings, and/or or for summary judgment

  a. as to the following claims and/or defenses:[7] any and all elements of Plaintiff's claims and Defendant's affirmative defenses;

---

[7] As to forfeiture actions, dispositive motions on any "claims and/or defenses" include any motions to suppress.

10

      b.    such motions to be filed on or before **May 20, 2020**.

E.     Other matters to which the parties stipulate and/or which the court should know or consider: _____.

F.     This case will be ready for trial before the court by: **August 17, 2020**.

G.     The estimated length of trial is 2.5 days.

**VII.**     **CONFERENCING WITH THE COURT**:

A.     Initial Case Conference:

☐     At least one party requests a conference with the court before the court enters a final case progression order for this lawsuit.

☒     All parties agree that the court may enter a final case progression order for this lawsuit without first conferring with the parties.

B.     Interim Status Conference:

☐     At least one party believes a court conference with the parties may be helpful (e.g., to assist with averting or resolving a dispute over written discovery, ESI, or privilege/work product discovery; following service of mandatory disclosures; after completing written discovery, etc.), and requests a conference be set in: (month/year).

☒     The parties do not currently anticipate that a court conference will assist with case progression, and they will contact the assigned magistrate judge to schedule a conference if a problem arises.

**Reminder:**     **By signing this document, counsel and any self-represented parties acknowledge that they have reviewed the Civil Case Management Practices, including those provisions discussing discovery of Electronically Stored Information and Privileged Information**.

Dated: **October 3, 2019**

| | |
|---|---|
| */s/ Carlos C. Alsina* | */s/ Anthony C. Sallah* |
| Plaintiff(s) or Plaintiff(s)' Counsel | Counsel for Defendant USAA Federal Savings Bank |

## CERTIFICATE OF SERVICE

      I hereby certify that on October 3, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following: Defendant, through Counsel of record, Charles Kaplan, and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:  None.

                                      ***/s/ Carlos C. Alsina***
                                      Attorney for Plaintiff, Samantha Grome