IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SAMANTHA GROME,<br><br>    Plaintiff,<br><br>vs.<br><br>USAA SAVINGS BANK,<br><br>    Defendant. | 4:19CV3080<br><br>**ORDER** |

   This matter is before the Court on Plaintiff's Motion for Leave to File Amended Complaint (Filing No. 54). For the reasons set forth below, the motion will be denied.

## BACKGROUND

   This case was filed on August 6, 2019. (Filing No. 1.) The Complaint alleges Defendant violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), by placing collection calls to Plaintiff to collect on alleged debts. The Complaint alleges that "upon information and belief," Defendant's calls were placed with an "automatic telephone dialing system" and that Defendant placed "at least one hundred ninety-three (193) telephone calls via use of an automatic telephone dialing system to Plaintiff's cellular telephone." (Filing No. 1.)

   On October 4, 2019, the Final Progression Order was entered setting November 29, 2019 as the deadline for filing amended pleadings. (Filing No. 20.) On April 8, 2020, the parties filed a joint motion to partially modify the Final Progression Order, requesting that the deadlines for expert disclosures and reports, expert depositions, *Daubert* motions, and dispositive motions be extended. (Filing No. 32.) The motion expressly noted that the parties were not seeking "modification of any of the existing fact discovery deadlines." The motion was granted and the Amended Final Progression Order was entered on April 10, 2020. (Filing No. 33.) The Amended Final Progression Order provided that April 10, 2020 was the deadline for written discovery and June 8, 2020 was the deposition deadline. The Amended Final Progression Order did not contain a new deadline for filing amended pleadings because, by the time the order was entered, the

amended pleadings deadline had expired and the parties had not requested that the amended pleadings deadline be extended or modified.

On May 29, 2020, Plaintiff filed a motion for leave to file an amended complaint. (Filing No. 35.) The Court held a telephone conference with the parties on June 4, 2020. Following the conference, the Court entered an order staying the summary judgment deadline pending a ruling on the motion for leave to amend. (Filing No. 37.) The Court also ordered Plaintiff to file a redline version of its proposed amended complaint. (*Id*.) Plaintiff submitted a redline version of her proposed amended complaint immediately following the conference on June 4, 2020. (Filing No. 38.)

On July 13, 2020, the parties stipulated to a stay of these proceedings pending the United States Supreme Court's resolution of *Facebook, Inc. v. Duguid*. (Filing No. 43.) The Court entered a stay on July 14, 2020. (Filing No. 45.) In its order granting the stay, the Court denied Plaintiff's motion for leave to amend without prejudice to reassertion following the stay. (*Id*.)

On April 1, 2021, the Supreme Court issued its opinion in *Facebook, Inc. v. Duguid*, 141 S.Ct 1163 (2021). On April 12, 2021, the Court entered an order setting a telephone conference for April 20, 2021 to discuss case progression. (Filing No. 47.) The order directed the parties to confer and then submit proposals for case progression by April 15, 2021. (*Id*.) The order further directed that the proposals identify any other issues that needed to be addressed during the conference. (*Id*.) The parties submitted a proposed second amended progression order on April 14, 2021. The proposed order did not contain any references to motions to amend. The proposed order stated that the parties were not requesting a pretrial conference date because they anticipated that a ruling on summary judgment would dispose of, or potentially result in, resolution of the litigation. The status conference was held as scheduled on April 20, 2021. Following the conference, the Court entered an order extending the *Daubert* motion deadline to May 10, 2021 and extending the dispositive motion deadline to August 9, 2021. (Filing No. 49.) The parties were also ordered to contact the Court within fourteen (14) days of a ruling on dispositive motions to schedule another status conference. (*Id*.)

On May 10, 2021, Defendant filed a motion to exclude Plaintiff's expert witness (Filing No. 50) and a motion for summary judgment (Filing No. 52). Also on that date, Plaintiff filed the instant motion for leave to amend. (Filing No. 54).

### DISCUSSION

Under Federal Rule of Civil Procedure 15, the Court should "freely give leave" to amend a pleading "when justice so requires." Fed. R. Civ. P. 15. Nevertheless, a party does not have an absolute right to amend and "denial of leave to amend may be justified by undue delay, bad faith on the part of the moving party, futility of the amendment or unfair prejudice to the opposing party." Amrine v. Brooks, 522 F.3d 823, 833 (8th Cir. 2008) (quotation and citation omitted). Additionally, where a party "seeks leave to amend after a scheduling order deadline, that party must first demonstrate good cause under Rule 16(b) of the Federal Rules of Civil Procedure before the court can consider whether the proposed amendments are proper under Rule 15(a)." BDC Farms, Inc. v. Certified Angus Beef, LLC, No. 8:08CV25, 2007 WL2344814, *3 (D. Neb. Aug. 14, 2007) (quotation omitted). "The primary measure of Rule 16's good cause standard is the moving party's diligence in attempting to meet the case management order's requirements." Bradford v. DANA Corp., 249 F.3d 807, 809 (8th Cir. 2001). "[I]f the reason for seeking the amendment is apparent before the deadline and no offsetting factors appear, the Rule 16 deadline must govern." Financial Holding Corp. v. Garnac Grain Co., 127 F.RD. 165, 166 (W.D. Mo. 1989).

The Complaint alleges that Defendant's calls were placed with an automatic telephone dialing system and that Defendant placed at least one hundred ninety-three (193) telephone calls using an automatic telephone dialing system to Plaintiff's cellular telephone. Plaintiff wishes to amend the Complaint to increase the alleged number of telephone calls using an automatic dialing system to "at least two hundred twenty-four (224)" and to add allegations regarding Defendant's alleged use of "prerecorded, automated messages." Plaintiff claims she wants to amend the Complaint to conform to newly discovered evidence, namely, the dialing system's actual call count and Defendant's use of prerecorded automated messages.

Plaintiff claims she learned during discovery that there were an additional number of automated calls and some prerecorded messages. Plaintiff claims she learned this information

when she deposed Defendant's corporate representative in February, 2020. Plaintiff contends Defendant's representative confirmed that fifteen prerecorded messages were left on Plaintiff's voice messaging service. Plaintiff maintains the representative also authenticated a document showing Defendant's dialing system's call count was two-hundred twenty-four dialer calls, rather than one hundred ninety-three.

Defendant argues Plaintiff's motion should be denied as untimely and prejudicial. Defendant contends Plaintiff cannot show good cause to amend because Plaintiff has not acted diligently in seeking to amend. Defendant further maintains it would be prejudiced through amendment because Plaintiff is not really attempting to conform the evidence, but rather is attempting to slip in a new theory of liability. The TCPA imposes liability for "using any automatic telephone dialing system or an artificial or prerecorded voice" to a cellular phone without prior express consent. *See* 47 U.S.C. § 227(b)(1)(A)(iii). Currently, the Complaint does not specifically allege that Defendant made any calls using an artificial or prerecorded voice, only that Defendant violated the TCPA by using an automatic telephone dialing system to make calls. Therefore, according to Defendant, Plaintiff is attempting to add a claim through her proposed amendment. Defendant argues that if Plaintiff is simply trying to conform the evidence, amendment is unnecessary because no one has raised any pleading deficiency.

Having considered the matter, the Court will deny Plaintiff's request for leave to amend. On October 4, 2019, the Final Progression Order was entered setting November 29, 2019 as the deadline for filing amended pleadings. On April 8, 2020, the parties filed a joint motion to partially modify the Final Progression Order requesting that the deadlines for expert disclosures and reports, expert depositions, *Daubert* motions, and dispositive motions be extended. Although the purported new evidence was known to Plaintiff by the time that joint motion was filed, the motion did not mention the deadline for filing motions to amend. Therefore, the Amended Final Progression Order did not contain a new deadline for filing amended pleadings. Plaintiff did not file her initial motion to amend until May 29, 2020, which was six months after the amended pleadings deadline, over a month past the written discovery deadline, and around three months after Plaintiff allegedly discovered the new evidence.[1] The timing of these events shows Plaintiff

---

[1] Defendants contend this information was provided to Plaintiff in their responses to discovery on November 22, 2019.

was not diligent in attempting to meet case progression deadlines or in seeking to amend once the new evidence was obtained. See *St. Paul Reinsurance Co. v. Commercial Fin. Corp.*, 144 F. Supp. 2d 1057 (N.D. Iowa 2001) (denying leave to amend based on delay where the plaintiffs were aware of information for nearly two and a half months, but waited until discovery and briefing were closed to file a motion to amend to conform to evidence).

Plaintiff's delay in seeking amendment continued following the stay. Once the stay was lifted, the parties submitted a proposed second amended progression order. The proposed order did not contain any references to motions to amend and indicated that the parties anticipated that a ruling on summary judgment would dispose of, or result in, resolution of this litigation. Further, the Court held a status conference with the parties on April 20, 2021 and Plaintiff did not mention or ask for a deadline to re-assert her previous motion to amend. It appears to the Court that Plaintiff has not acted diligently in seeking to amend and, thus, her motion will be denied.

Moreover, allowing amendment at this time would prejudice Defendant. The Amended Final Progression Order set April 10, 2020 as the deadline for written discovery and June 8, 2020 as the deposition deadline. On May 10, 2021, discovery, Defendant filed a motion to exclude Plaintiff's expert witness and a motion for summary judgment. Now, Plaintiff wants to add allegations regarding prerecorded messages which may necessitate additional discovery. Allowing Plaintiff to amend at this point in the litigation would result in increased cost through additional discovery and renewed motion practice and create further delay, thereby unfairly prejudicing Defendant. See *In re Milk Prods. Antitrust Litig.*, 195 F.3d 430, 438 (8th Cir. 1999) (stating that reopening of discovery and further delay is "precisely the sort of prejudice that justifies denial of a motion to amend under Rule 15(a)"); *Moldea v. New York Times Co.,* 793 F.Supp. 338 (D.D.C.1992) (stating that "[i]t is settled that where a defendant has filed a dispositive motion . . . and plaintiff has opposed it, denial of permission to amend is proper"). Therefore, the motion to amend will be denied.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Leave to File Amended Complaint (Filing No. 54) is denied.

Dated this 13th day of August, 2021.

                    BY THE COURT:

                    s/ Susan M. Bazis
                    United States Magistrate Judge